**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF LOUISIANA**

IN RE:

**PARISH ENTERPRISES, INC.,**　　　　　　　　　　　　**CASE NO. 10-10939**
**d/b/a Parish Home Center**

　　　　**DEBTOR**　　　　　　　　　　　　　　　　　**CHAPTER 11**


**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR**

1.　　Pursuant to 11 U.S.C. §329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

　　For legal services, I have agreed to accept <u>payment in accordance with letter agreement</u>.

　　Prior to the filing of this statement I have received a <u>$6,461.00 retainer, plus a $1,039.00 filing fee</u>.

　　Balance Due <u>to be paid pursuant to future applications</u>.

2.　　The source of the compensation paid to me was:

　　　　<u>　　X　　</u> Debtor　　　　<u>　　　　　　</u> Other (specify)

3.　　The source of compensation to be paid to me is:

　　　　<u>　　X　　</u> Debtor　　　　<u>　　　　　　</u> Other (specify)

4.　　<u> X </u> I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

　　<u>　　　</u> I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached *(as is set forth below)*.

5.　　In return for the above-disclosed fee, I have agreed to render legal service for and in the bankruptcy case, including:

      a.    Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy.

      b.    Preparation and filing of any petition, schedules, statement of affairs and plan which may be required.

      c.    Representation of the debtor at the meeting(s) of creditors and confirmation hearing(s), and any continued meetings or hearings, and, generally, in the bankruptcy case;

6.    By agreement with the debtor(s), a copy of which is either set forth herein or attached hereto, the above-disclosed fee does not include the following services, for which, if I am to be retained, the debtor will be charged and will have to agree to pay fees and reimbursement of expenses as follows: (see attached engagement letter)

## **CERTIFICATE OF ATTORNEY**

**I HEREBY CERTIFTY** that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Date: June 21, 2010

Signed: _s/ Patrick S. Garrity_
      PATRICK S. GARRITY (#23744)
      Steffes, Vingiello & McKenzie, LLC
      13702 Coursey Blvd., Building 3
      Baton Rouge, Louisiana 70817
      Telephone: (225) 751-1751
      Facsimile: (225) 751-1998
      E-mail: pgarrity@steffeslaw.com

*Attorneys for Debtor*

## **CERTIFICATE OF DEBTOR**

**I HEREBY CERTIFY** that the above agreement with my attorney has been explained to me by my attorney and accurately reflects the services that my attorney has agreed to provide for the fees paid or promised as stated in this disclosure. Further, I agree that the description of those services that will not be provided by my attorney for the fees paid or promised in the disclosure is accurate and that I understand that if any of these excluded services become necessary, my attorney is under no duty to represent Parish Enterprises, Inc. d/b/a Parish Home Center, unless I make further arrangements, as set forth by my attorney above, for the attorney to act on Parish Enterprises, Inc. d/b/a Parish Home Center's behalf.

Dated: June 21, 2010      PARISH ENTERPRISES, INC.
                                              D/B/A PARISH HOME CENTER, Debtor

                                              _s/ Thomas Mautner_____
                                              THOMAS MAUTNER, Owner

# Steffes, Vingiello & McKenzie, LLC
**ATTORNEYS-AT-LAW**

WILLIAM E. STEFFES*
ARTHUR A. VINGIELLO**
GARY K. McKENZIE** †
PATRICK S. GARRITY**
MICHAEL H. PIPER, III
C. NOEL STEFFES
BARBARA B. PARSONS

13702 COURSEY BOULEVARD, BUILDING 3
BATON ROUGE, LOUISIANA 70817
TELEPHONE 225.751.1751
FAX 225.751.1998

NEW ORLEANS OFFICE
333 Girod Street, Suite 302
New Orleans, Louisiana
70130

\* Also admitted to practice in Texas
\*\* Board Certified Business Bankruptcy Specialist
† Board Certified Consumer Bankruptcy Specialist

June 21, 2010

Mr. Thomas W. Mautner
Parish Enterprises, Inc.
9293 Main Street
Zachary, LA 70791

    Re: Parish Enterprises, Inc., d/b/a Parish Home Center ; Chapter 11 Debtor
      U.S. Bankruptcy Court; Middle District of LA; SVM No. 09-237

Dear Mr. Mautner:

  We are pleased that you have decided to engage this firm's services as bankruptcy counsel to represent Parish Enterprises, Inc., d/b/a Parish Home Center ("PE") in connection with its voluntary Chapter 11 bankruptcy proceedings. The Code of Professional Responsibility, applicable in Louisiana and virtually all other states, suggests that attorneys should enter into written agreements with their clients delineating the nature and scope of the representation and arrangements relating to the payment of fees. Although we have previously discussed this representation in detail, this letter is intended to comply with that ethical responsibility and also to make sure that you and we both understand our mutual responsibilities in connection with our representation.

### I. FEE ARRANGEMENT:

  We have been retained to represent PE in connection with its voluntary small business Chapter 11 reorganization proceedings. We will perform services in connection with our representation at the hourly rates shown on the rate table attached to this letter. We bill for services in minimum increments of six (6) minutes; it is our firm's practice to keep detailed contemporaneous records of time spent in the course of representation. You will also be billed for all direct, allocable expenses incurred in the course of our representation, including but not limited to actual long distance telephone charges, copy charges at $.15 per copy, court costs, deposition costs, express mail charges, courier costs, and other similar expenses. You will not be billed for overhead items such as secretarial time, word processing time, and things of that

nature. The hourly rates quoted below are those currently in effect. Although no change in these rates is currently planned, if we raise the overall rates being charged during the course of our representation, the rates charged in your case will be increased accordingly. Our fees and expenses, as well as the fees and expenses of any other professionals retained by the debtor, are subject to review and allowance by the Bankruptcy Court and may not be paid until approved.

We shall seek court approval of fees for services rendered during the course of our representation. You will be required to pay to our firm the fees and costs approved by the court, as such items are approved.

Because of the complex nature of the Chapter 11 proceedings and your company's financial affairs, it is virtually impossible for us to give you any truly accurate estimate as to the eventual costs of our services. However, based upon experience in Chapter 11 cases, we have agreed to accept a $7,500.00 retainer, which includes the $1,039.00 Chapter 11 filing fee and any expenses that shall be incurred. Generally, billings during the first few months of a case will be higher and will diminish somewhat as time goes on. Please remember that these are only very rough estimates and the actual amount of billings will depend upon action taken by the Court and the various creditors against the debtor both within and outside of the bankruptcy proceedings and the necessity of our involvement in such proceedings.

All of our attorneys are available to assist you during the course of our representation. Although I am primarily responsible for the case, to the extent possible, I will delegate work to other attorneys with lower hourly rates as a cost saving measure to you and to permit me to spend my time on the more important facets of our representation.

## II.  SCOPE OF OUR REPRESENTATION:

Our primary responsibility is to act as reorganization counsel to PE in connection with voluntary Chapter 11 reorganization proceedings. We will assist you and your staff in compiling information used in the preparation of schedules, statements of affairs, and other accountings that must be filed during the case, if they have not been filed already. We will also assist you in the development of disclosure statements and plans of reorganization for the debtor. We will draft any other pleadings which need to be filed on behalf of the debtor-in-possession during the pendency of the case and, of course, will appear at all hearings, creditor meetings, conferences, etc., on behalf of the debtor-in-possession.

In addition to the documentation you have supplied us, it will be essential that you promptly forward to us copies of any lawsuits, demand letters, etc. that you receive during the course of our representation. It may also be imperative that you retain the services of a qualified tax professional that can provide you with detailed, accurate information as to the tax consequences of potential plans of reorganization and other tax matters which may arise during the case. The company must obtain prior court approval to engage the services of and to pay any professionals retained.

## III.  DUTIES OF THE DEBTOR

Your case qualifies as a small business Chapter 11, and the Bankruptcy Code has imposed additional duties for a small business Chapter 11 Debtor. Those additional duties are found in Sections 308 and 1116 of the Bankruptcy Code. Copies of those specific sections are attached hereto for your convenience. It is imperative that you comply with the reporting requirements and duties set forth in the Bankruptcy Code. Failure to timely file the information set forth in Sections 308 and 1116 could result in the dismissal or conversion of your case to Chapter 7.

## IV. SUMMARY:

We hope that this letter adequately summarizes the terms of our engagement, the fee arrangement, and the scope of our representation of PE. We have not made and do not make any warranties or representations concerning the success of our efforts nor can we predict a favorable outcome as to the matters undertaken. Nonetheless, we are hopeful that our services will prove to be economically beneficial to you.

Termination by either you or us after the reorganization has been filed will require court approval. Termination either by you or by this firm will not affect any obligation to pay for legal services rendered or to reimburse the firm for costs incurred through the effective date of any such termination.

We will consider all communications between members of this firm, you, and your employees to be privileged. We suggest you instruct company employees to treat communications with this office as confidential and that you notify us if we are not to discuss any particular matter with any particular employee.

If you find the description and terms of our representation as outlined above acceptable, please so indicate by signing below. However, before signing, please review it and make sure that you understand all of the consequences of such signature. We have provided an extra copy of this letter for your files. Your indication of consent below will constitute an agreement to our representation on the terms and conditions outlined above. We look forward to representing PE in this matter, and if you have any questions regarding any of the terms of our representation, please feel free to contact me at your convenience.

Very truly yours,

s/ Patrick S. Garrity

Patrick S. Garrity

## **ACKNOWLEDGMENT**

      I, Thomas W. Mautner, confirm that I have read the above and foregoing, and, as Owner of Parish Enterprises, Inc., d/b/a Parish Home Center , do hereby agree to the retention of Patrick S. Garrity and the law firm of Steffes, Vingiello & McKenzie, LLC, under the terms and conditions set forth above.

                                  Parish Enterprises, Inc.,
                                  d/b/a Parish Home Center, Debtor


                                  **s/ Thomas W. Mautner**
                                  Thomas W. Mautner, Owner

DATE:  June 21, 2010


### **STEFFES, VINGIELLO & McKENZIE, LLC, STAFF RATE TABLE**

| | |
|---|---|
| WILLIAM E. STEFFES | $350.00 per hour |
| ARTHUR A. VINGIELLO | $325.00 per hour |
| GARY K. McKENZIE | $325.00 per hour |
| PATRICK S. GARRITY | $310.00 per hour |
| MICHAEL H. PIPER, III | $310.00 per hour |
| C. NOEL STEFFES | $200.00 per hour |
| BARBARA B. PARSONS | $200.00 per hour |
| PARALEGALS | $ 90.00 per hour |
| LAW CLERKS | $ 90.00 per hour |

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF LOUISIANA**

IN RE:

PARISH ENTERPRISES, INC.,                               CASE NO. 10-10939
d/b/a Parish Home Center,

    DEBTOR                                              CHAPTER 11

**************************************************************************

### CERTIFICATE OF CORPORATE RESOLUTION

I, Thomas Mautner, the undersigned owner of Parish Enterprises, Inc., d/b/a Parish Home Center, do hereby certify that the following is a true and correct excerpt from the minutes of a meeting of the Board of Directors of said corporation, truly and correctly reflecting the resolutions unanimously adopted by the Directors of said corporation, at a meeting duly called for and held on the 21st day of June, 2010, to-wit:

**RESOLUTIONS:**

"**IT IS HEREBY RESOLVED** that Steffes, Vingiello & McKenzie, LLC, be and they are hereby appointed as attorneys at law to represent the corporation in its best interests, and that of its creditors, with full power and authority in their absolute discretion to take whatever necessary legal action, steps, and procedures they deem necessary, including the filing of the petition and all necessary pleadings, documents, and financial information or schedules available and data necessary pursuant to placing this corporation in a case pursuant to Chapter 11 of Title 11, United States Code, and that said attorneys are to be compensated for their services and expenses on the basis of their usual fee and expense schedule, subject to the approval of the Bankruptcy Court in which said Chapter 11 proceeding will be filed."

"**IT IS FURTHER RESOLVED** that Thomas Mautner, owner of this corporation, be and he is hereby authorized and directed as officer of said corporation, to execute any and all documents, petitions, and necessary pleadings for and on behalf of the corporation, and to execute and supply the necessary financial information and sign and execute the necessary schedules and all data required pursuant to Chapter 11 of Title 11, United States Code."

Dated: June 21, 2010

ATTEST:

 s/ Thomas Mautner
**THOMAS MAUTNER, Owner**